IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR0022 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DARION JOHNSON, | ) | <u>UNITED STATES OF AMERICA'S</u> |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Joseph P. Dangelo, Assistant United States Attorney, and respectfully submits the following memorandum setting forth the United States of America's position regarding the sentencing for Defendant Darion Johnson.

The United States advocates for a sentence of 6 months in the Federal Bureau of Prisons and a period of supervised release.

    **I.**    <u>**FACTUAL BACKGROUND**</u>

The United States believes that the facts underlying this matter are set forth adequately in the plea agreement and in the final Presentence Investigation Report ("PSR"). The United States highlights the facts below as especially relevant to sentencing in this matter.

On August 5, 2022, the Defendant purchased a Glock 17, 9mm pistol, bearing serial number BWRD500 and a Taurus G3C, 9mm pistol, bearing serial number ABD002981 from Fin Feather Fur Outfitters in Middleburg Heights, Ohio, which is located in the Northern District of Ohio, Eastern Division. (Doc. 18: SEALED PSR, PageID 74).

On September 15, 2022, the Glock 17, 9 mm pistol, bearing serial number BWRD500 was linked to two shootings that occurred on August 18, 2022 and August 23, 2022. (*Id.,* PageID 75). An individual was shot twice but survived the injuries in the August 18, 2022 incident and a house was shot up in the second shooting on August 23, 2022. (*Id.*). The Glock 17, 9mm pistol was found in possession of the Defendant's cousin on August 26, 2022. (*Id.*).

The Defendant was interviewed about his purchase of the Glock 17, 9mm pistol and he admitted that he purchased the firearm for his cousin for $500. (*Id.*, PageID 76).

## II. PROCEDURAL BACKGROUND

On January 12, 2023, a federal grand jury in the Northern District of Ohio returned an indictment against the Defendant for Making a False Statement in Acquisition of a Firearm. (Doc. 1: Indictment, PageID 1-2).

The Defendant appeared before this Court on February 28, 2023 and changed his plea to guilty to the indictment. (Doc. 18: SEALED PSR, PageID 74).

## III. OFFENSE LEVEL COMPUTATION AND ARGUMENT

There was a written Rule 11(c)(1)(B) plea agreement in this case. (*Id.*). The plea agreement calculated the Base Offense Level as being a 14 pursuant to U.S.S.G. § 2K2.1(a)(6). (*Id.*). The PSR calculated the Base Offense Level as being a 12 pursuant to U.S.S.G. § 2K2.1(a)(7). (*Id.*).

The United States agrees with the PSR that the correct Base Offense Level is 12.

The PSR does not provide for an adjustment for acceptance of responsibility based on the statement the Defendant provided in the PSR. (*Id.*, PageID 76). While the United States agrees that the Defendant's statement is not full throated and specific, he does state that he takes full responsibility and that his actions were wrong. (*Id.*).

The Defendant needs to make a stronger statement of acceptance of responsibility during his sentencing hearing.

Assuming the Defendant completes this task and is accorded a 2 point reduction for acceptance of responsibility, his total offense level would be 10.

The Defendant's criminal history category has been calculated in the PSR to be a category I. (*Id.*, PageID 77). Based on the offense level of 10 and a criminal history category of I, the guideline imprisonment range is 6 to 12 months.

After having calculated the applicable guideline range the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, to wit:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant:
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a). In determining what sentence to impose, the Court is directed to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed [to achieve the purposes of sentencing, cited above];

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the law and the applicable U.S.S.C. Guidelines Manual];

(5) any pertinent policy statement [issued by the U.S.S.C.];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.*

In light of the aforementioned § 3553(a) factors as well as all of the information before this Court, the United States recommends that the Court impose a sentence of 6 months in Bureau of Prisons and a period of supervised release.

The United States recognizes that the Defendant has a limited criminal history. However, the Defendant initially was dishonest about his purchase of the firearms, specifically the Glock 17, 9mm pistol. The Defendant later admitted to purchasing the firearm for $500. That firearm was later used in two shootings only days after his purchase. In one of the shootings, a person was shot twice and in another a house was shot up. The Glock 17, 9mm was later found in the possession of his cousin.

As a "straw purchaser," the Defendant is immensely contributing to gun crimes that are plaguing our communities. The rhetorical question is often asked, "why are there so many guns on the streets?"

The answer to that question is evidenced in the actions of the Defendant.  The Defendant's actions are a supply chain to criminals.  Those who cannot legally possess a firearm or would like to possess a firearm that cannot be traced to them need people like the Defendant to assist.

Gun violence is wrecking havoc in our society and a message needs to be sent to those who supply those weapons that their actions will be met with severe consequences.

In light of the foregoing, as well as the information in the detailed PSR, the United States recommends that a sentence of 6 months in the Bureau of Prisons and a period of supervised release is sufficient but not greater than necessary to achieve the purposes of sentencing.

**Respectfully submitted,**

**REBECCA C. LUTZKO**
**United States Attorney**

:        /s/ Joseph P. Dangelo
**JOSEPH P. DANGELO (#0079898)**
Assistant United States Attorney
Northern District of Ohio, Akron Branch
Seiberling Federal Courthouse
Two South Main Street, Suite 208
Akron, OH 44308
(216) 905-0653
(330) 375-5492 (facsimile)
Joseph.Dangelo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2024, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Joseph P. Dangelo
**JOSEPH P. DANGELO (#0079898)**
Assistant United States Attorney

5